*Littlefield,* for plaintiff.

*Fessenden & Butler,* for defendant.

---

# COUNTY OF YORK.

OTIS R. HUNTRESS, *Petitioner for Partition, versus* JOHN C. TINEY *& al.*

In a case of petition for partition, where, after the entry of *judgment for partition,* against the co-tenants named in the petition, other persons, claiming to be interested in the estate, were allowed to appear and defend, under c. 121, § 9, of R. S. of 1841, they, by thus appearing, became parties, and are bound by any subsequent judgment in the case.

*Any person* who is interested in the premises to be parted, comes within the terms of the statute, notwithstanding such person might not be bound by the final judgment in the case, if he had not appeared.

In a case within the purview of the statute, whether the person moving for leave to appear and defend should be admitted, is a question of discretion ; — and its exercise at *Nisi Prius* will not be revised on exceptions by the full Court.

Where, on case stated, an interlocutory judgment had been entered by order of the full Court, against the co-tenants named in the petition, — and afterwards others, claiming to be tenants in common, were admitted to defend, — the petitioner's motion, for costs against the original respondents, and for the appointment of commissioners to make partition, was properly denied, no final judgment in the case having been entered up.

PETITION FOR PARTITION. The case comes before the full Court on EXCEPTIONS, taken by the petitioner, to the refusal

of RICE, J. to allow costs and appoint commissioners to make partition.

*N. D. Appleton*, for the petitioner.

In this case the petitioner claimed to be seized of one-third part of the premises described, in common with John E. Tiney and Ivory Hall, the respondents, who were duly notified as required by law, and appeared, and pleaded that they were each seized as tenants in common of one half of the premises, and traversed the right of the petitioner, as he had alleged.

The case was opened to the jury, January term, 1854, before WELLS, J., upon whose ruling a report was made, and the case submitted to the full Court for decision. The conclusion of the report was as follows : — "If said return is sufficient, and the evidence offered by the respondents is inadmissible, the petitioner is to have judgment for partition ; or if said return is insufficient, and the officer has the right to amend it in such a manner as to affect the title of said Hall to the premises, then judgment is to be entered for the petitioner. If the return is deemed by the Court insufficient, and it is considered that the officer has no right to amend his return, then judgment is to be rendered for the respondents. If the evidence offered by the respondents is admissible, the case is to stand for trial, notwithstanding the amendment may be allowed by the Court."

The Court decided the case in favor of the petitioner, and directed the clerk to enter judgment, "*partition ordered ;*" which was done November 1, 1855. At the September term, 1855, held by adjournment November 5th, the petitioner moved for costs ; and Samuel Ham & als. applied and were admitted as parties, in defence, against the objections of the petitioner. At April term, 1856, the petitioner had leave to withdraw his motion for costs and to file the same at a subsequent time.

At the September term, 1856, the petitioner renewed his motion for costs, and also moved for commissioners to be ap-

pointed to make partition as ordered,—which motions were overruled and the petitioner excepted.

I. The petitioner was entitled to his costs and his motion should have been granted. He was the prevailing party. His rights had been contested by the respondents and decided in his favor by the Court.

By R. S., c. 121, § 14, "if it appear that the petitioner is entitled to have partition, and an assignment of the part described in his petition, he shall recover costs of the respondent." It did appear to the Court that the petitioner was entitled to have partition, and, by the express provisions of the statutes, in that case, costs were to be allowed to him.

The judgment in this case, though called interlocutory, was in *fact* a final determination of the suit and controversy between these parties. It was a judgment upon the merits of the case as regarded them. The right of the petitioner was established by the decision, and the respondents had no further day in Court. They could interpose no further opposition to the completion of the partition prayed for. And the subsequent proceedings are to be conducted by the petitioner at his own expense.

On the other hand, if judgment had been rendered for the respondents, upon one view of the case, as stated in the report, there would then have been a termination of the controversy between these parties, and, in that case, the respondents would have recovered their costs.

In *Hanson* v. *Willard & al.*, 12 Maine, 142, after the question on demurrer was settled, the respondents, who were interested as co-tenants with the petitioner in part of the premises, pleaded *sole seizin* in a part of the same, which, upon trial, was decided in their favor, and the interlocutory judgment was rendered for the residue. And, at the same term, costs were awarded to the respondents and execution issued, as it appears by the record in that case. *Swett* v. *Bussey*, 7 Mass. 504; *Symonds* v. *Kimball*, 3 Mass. 299; *Reed* v. *Reed*, 9 Mass. 372; *Paine* v. *Ward*, 4 Pick. 248; *Lord* v. *Penniman*, 19 Pick. 539.

II. The motion of the petitioner for the appointment of commissioners should have been allowed. R. S., c. 121, § 19.

The statute is peremptory, that, after the Court has entered the interlocutory judgment, it shall appoint three or five disinterested persons as commissioners to make the partition, &c.

The petitioner, having an honest debt against J. D. Pillsbury, attached the right of the latter to the land in question, being one moiety, and, after having obtained his judgment, seasonably levies his execution upon the land in question. Subsequently to the attachment, Pillsbury conveys his interest in the land to Ivory Hall, one of the respondents. Huntress then petitions for partition against said Hall and Tiney, who appear and defend, on being summoned, and succeeds in establishing the regularity of his proceedings, in making the levy, and got his judgment *quod partitio, &c.* See *Huntress* v. *Tiney*, 39 Maine, 237.

The litigation between these parties was finished and concluded by the judgment aforesaid, and the petitioner was entitled to have the benefit of that judgment, as in other cases, by having commissioners appointed to set out and assign to him his part of the premises described, as prayed for.

III. But it is said our motion for costs and for the appointment of commissioners ought not to be granted, because other parties have been admitted to come in and defend, since the judgment for partition was entered.

The question then arises as to the legality and effect of the order admitting the other parties.

We contend that this order was a proceeding unauthorized by law, and should be treated as a nullity, and without any legal force and effect.

The statute on this subject, (R. S., c. 121,) gives no authority for such a proceeding. By that statute, two modes are provided for effecting a division of real estate held in common. First, by a writ of partition at common law; and second, by a petition for partition. And, in the latter case, there are two modes of proceeding provided. First, when

the co-tenants alleged are all named in the petition; in which case the petition is to be filed in the clerk's office, and a copy served upon each of the co-tenants. Second, when the co-tenants are unknown and not named in the petition; in which case, the Court orders a general notice to be given to all persons interested.

In the first case, the petitioner embraces in his petition, as in the present instance, those who are his co-tenants, and deny his rights, and the process at its commencement assumes the aspect of an adversary suit. In this particular it resembles the writ of partition at common law, although the forms of proceeding and the pleadings may be dissimilar, but the result would be substantially the same.

The petitioner commences his process, with the specific object of settling a controversy and deciding matters in dispute between himself and his alleged co-tenants, and other parties have no right officiously to intermeddle and thrust themselves into a suit, in which they have no interest, and where their rights, if they have any in the land, cannot be affected. *Cook* v. *Allen*, 2 Mass, 463.

To allow this to be done would be unjust and contrary to all the analogies of the law.

The 9th section of the statute, which is relied upon as authorizing the order for the admission of the other parties, is not applicable to cases like the present, but to those where the co-tenants are unknown, and when a general notice is given. Here a judgment has been duly rendered, by which the rights of the petitioner have been established against the original parties, the respondents, on whom the process was served. Persons, not parties to this judgment, nor interested in the questions which have been settled by a protracted litigation, now claim to come in, and are admitted, to set aside a solemn judgment of the full Court, in this summary manner, and compel the petitioners to make new issues with them, which were not anticipated or invited. If this can properly be done, it is certainly a novel procedure in judicial proceedings. It is confidently believed that no precedent or

decision can be found to authorize or justify it. On the other hand, the principles settled in the cases, where a construction of the statute in question has arisen, all lead to an opposite conclusion.

It is well settled that no person is concluded by a partition when he could not be admitted by law to defend his rights,— in conformity to a maxim of the common law, that judgments do not bind the rights of any but parties or privies. In this case, there was no necessity for the admission of the other parties, as they would not be concluded by the judgment which had been rendered.

In the case of *Cook* v. *Allen*, PARSONS, C. J. says, " when, in the petition, *certain persons are named* as the *co-tenants*, if partition be made, none are concluded by it, but the persons named, their heirs and assigns. If, in the petition, the co-tenants are *not named*, and notice is given to all persons interested, to appear and show cause against the petition, and partition be made, this partition shall conclude all persons whatever as to their right of possession."

These remarks of the Court clearly recognize the distinction we have endeavored to maintain, between those cases of partition where the co-tenants are named in the petition, and the class of cases where they are not named.

See also *Colton & al.* v. *Smith & al.*, 11 Pick. 311. In this case a former partition was held not to be a bar or estoppel to a subsequent petition for partition, the parties and the title put in issue not being the same. An examination of this case will also show, that the petitioners Colton & al. *appeared* and *endeavored* to *be heard* on the *former petition*, but were refused a hearing, " as not being parties, not having been named in the petition." And WILDE, J., in giving the opinion of the Court, deciding that the former judgment would not be conclusive, assigns the reason, that, in the former suit, the petitioners were not made a party, and, for that reason, were denied a hearing by the Court. Thus, evidently, recognizing the reason given, as satisfactory and sufficient.

The case referred to is directly in point, and sustains our position.

In the case of petitions for partition, where the co-tenants are not named and against persons unknown, the right of parties to come in and contest the rights of the petitioners under the statute in question, after the rendition of the interlocutory judgment, is not absolute, but subject to the discretion of the Court.

In *Field & ux. & als., Petitioners,* v. *persons unknown,* 34 Maine, 35, the Court refused to allow it to be done after the interlocutory judgment and the commissioners had made their report. The Chief Justice says, in that case, if the right to defend at such a late period be absolute, the previous judgment and proceedings, even after verdict, might be set aside, in order to permit a plea of sole seizin; and inquires, how the Court could set such verdict aside, unless upon citing the prior parties to re-appear.

This was a case where the co-tenants were not named in the petition, and a general notice had been given to all persons interested to appear and show cause; and yet, even there, the difficulties, as suggested, were such as to induce the Court to disallow the application and not disturb the judgment.

In the present case, the parties applying to be admitted to appear and defend had no right, as we insist, absolute or qualified, to be admitted. The Court had no power or authority to do it, and the order to that effect was null and void. The interlocutory judgment stands in full force and unreversed or abrogated in any manner whatever. Why then should not our motion for costs and for the appointment of commissioners be allowed, as the statute expressly requires?

Why should the petitioner be denied the costs to which he is justly entitled by law, against those whose objections to his suit were groundless, and who have subjected him to the great expense consequent upon litigation?

*I. S. Kimball* argued for the respondents, sustaining the rulings excepted to.

The opinion of the Court was delivered by

MAY, J.—It is provided by the R. S. of 1841, c. 121, § 9, that "when a person interested is not named in the petition, or is out of the State, and has not had notice and an opportunity to appear and answer to the suit, he may, on motion to the Court, at any time before final judgment, be allowed to appear and defend." In this case, before final judgment, certain individuals, on motion to the Court, were allowed to appear and defend, and no exception was taken to the action of the Court in that particular,—consequently, such individuals became parties to the record and will be bound by any subsequent judgment.

It is contended, for the petitioner, that the presiding Judge had no authority to admit new parties, unless the rights of such parties would necessarily be affected and definitively determined by the final judgment in the suit. The language of the statute is very broad, embracing all persons interested, and, in the judgment of the Court, *any person who is interested in the premises to be parted* comes within the terms of the statute, notwithstanding such person might not have been bound by the final judgment in the case, if he had not appeared.

This case, falling within the purview of the statute, the question, whether the persons moving to be admitted to appear and defend should be admitted, was one of discretion; and, as has already been decided, in the case of *Field* v. *persons unknown*, 34 Maine, 35, the exercise of this discretion is not subject to revision upon exceptions in this Court.

By the admission of new parties, the case now stands open for further proceedings. It is apparent, therefore, that under such circumstances no costs can be allowed to the petitioner in this stage of the case. The motion of the petitioner was properly denied. *Exceptions overruled.*